UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK ROY (#337113)                                    CIVIL ACTION

VERSUS

SANDY MCCAIN, ET AL.                                  NO. 19-196-SDD-RLB

ORDER

Before the Court is the petitioner's Motion to Stay Proceedings and Hold Claims in Abeyance (R. Doc. 3) wherein the petitioner asks this Court to stay the proceedings herein until the petitioner has exhausted his state court remedies with regards to his second application for post-conviction relief.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and

favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276–78. Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.*

In the instant matter, the petitioner's unexhausted claims do not appear to be potentially meritorious. The petitioner alleges that he was prompted to file a second application for post-conviction relief when he learned that his trial attorney had been disbarred for engaging in unethical conduct. A review of the records of the Louisiana Supreme Court reveals that the petitioner's trial attorney, Harold Register, was disbarred due to his actions in two civil matters. *See In Re: Harold D. Register*, 2017-B-1517 ("Respondent caused actual harm to Mr. LeDay by failing to distribute the settlement proceeds and by failing to satisfy Mr. LeDay's outstanding lien and medical expenses. Ms. Glaude was actually harmed in that she lost her day in federal court and had to hire another attorney to assist her with recovery from the damages caused by respondent. She was further harmed by respondent's failure to honor the terms of the settlement agreement he had reached with her in the malpractice suit.").

The Court fails to see how Mr. Register's conduct in two civil matters relates to the petitioner's guilty plea at issue in the instant petition, and the petitioner has not attempted to explain the same. As such, the Court does not find that the petitioner's claims are potentially meritorious. Accordingly,

**IT IS ORDERED** that the petitioner's Motion (R. Doc. 3) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**