# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARK ROY (#337113)**                                                    **CIVIL ACTION**

**VERSUS**

**SANDY MCCAIN, ET AL.**                                         **NO. 19-196-SDD-SDJ**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT**.

Signed in Baton Rouge, Louisiana, on May 19, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK ROY (#337113)**                                    **CIVIL ACTION**

**VERSUS**

**SANDY MCCAIN, ET AL.**                                  **NO. 19-196-SDD-SDJ**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* R. Doc. 1. The State has filed an opposition to the petitioner's application. *See* R. Docs. 9 and 10. There is no need for oral argument or for an evidentiary hearing.

The petitioner, Mark Roy, challenges his conviction, entered in 2016 in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, on one count of manslaughter. The petitioner contends that (1) he was provided with ineffective assistance of counsel at trial, and (2) that his plea was involuntary.

### Factual Background

The facts, as taken from the record, are as follows: On or about January 17, 2014, the petitioner, the deceased, and others planned to steal an excavator from the Dow Chemical Plant and then sell it. Two days later, the petitioner and the deceased met to split the money from the sale of the excavator. The petitioner and the deceased began to argue, and the petitioner shot and killed the deceased. Petitioner then moved the body to a ditch in a cane filed.

### Procedural History

On June 9, 2014, the petitioner was indicted for principal to second degree murder, principal to theft of $1,500.00 or more, and principal to conspiracy to commit theft of $1,500.00

or more. During trial, on October 13, 2016, the petitioner pled guilty to the reduced charge of manslaughter, with a sentence of 25 years and the two remaining charges to be dismissed. The petitioner was then sentenced to 25 years imprisonment, with the first 10 years to be served without benefit of probation, parole, or suspension of sentence.

On October 17, 2016, the petitioner filed a Motion to Reconsider Sentence, which was denied on April 19, 2017. The petitioner then filed a Motion to Clarify Sentence, which was denied on May 10, 2017. Petitioner filed an Application for Post-Conviction Relief on May 24, 2017. His application was denied on July 10, 2017.

The petitioner then sought writs in the First Circuit Court of Appeal. His writ was granted in part and denied in part on June 26, 2018. The case was remanded to the trial court for resentencing because the portion of the petitioner's sentence regarding parole eligibility constituted an illegal sentence. Prior to receiving the First Circuit's ruling, the trial court had already corrected the petitioner's sentence to include good time and parole eligibility.

Petitioner then sought writs in the Louisiana Supreme Court, and on January 14, 2019, the court denied his writs after finding that the petitioner's plea was not involuntary. The instant Petition for Writ of Habeas Corpus was filed by the petitioner on March 28, 2019.

**Standard of Review**

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The State asserts that a deferential review of the state court proceedings and findings, as mandated by 28 U.S.C. § 2254(d) and (e), compels the conclusion that all the petitioner's claims must be rejected. As discussed below, the Court finds that the petitioner's claims are without merit.

### Substantive Review

### *Claims (1), (2), and (3): Ineffective Assistance of Counsel and Involuntary Plea*

A guilty plea is valid only if entered into voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v.*

*Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "'real notice of the true nature of the charge against him.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). A plea is voluntary if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)); *United States v. Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012).

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This includes claims of ineffective assistance of counsel unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Accordingly, the Court considers Petitioner's claims only to the extent they implicate the voluntariness of his guilty plea. *See Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

A habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment; and (2) that the deficient performance prejudiced his

defense, *i.e.*, that counsel's errors were so serious as to deprive the petitioner of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id*.

Petitioner asserts that his guilty plea was not entered into voluntarily, knowingly, and intelligently because of the way the trial judge stated the maximum sentence faced by the petitioner, and because his counsel misled him concerning the terms of the plea agreement. Due to these circumstances, the petitioner asserts that he believed he would be receiving a 10-year sentence.

A review of the record reveals the following: On October 13, 2016, the prosecutor, Mr. Clayton, stated on the record while the petitioner was present in Court "…we have consummated a plea bargain…a twenty-five year offer to Mr. Mark Roy was to be presented to him. It's been presented to him; he's accepted it." *Rec. pg. 385*. When asked by the trial judge if the petitioner had an opportunity to discuss the plea with his counsel, including the maximum sentence the petitioner would face, petitioner stated, "Yes, sir." Petitioner also stated that he was satisfied with the advice and counsel he had been given. *Rec. pg. 387*. According to the Affidavit of Bryan Olsen, he was present when the petitioner was discussing the plea with his counsel. The petitioner asked his counsel if he could negotiate a better deal of less than 25 years, and his counsel informed the petitioner that "they do not want to come down." *Rec. pg. 480*.

The Court advised the petitioner that, "…the maximum sentence you face on this charge is imprisonment at hard labor for not more than ten years, nor more than forty years with the first years as having to be served without benefit of probation, parole or suspension of sentence." The petitioner was then asked if he understood the maximum sentence he would face, and the

petitioner responded, "Yes, sir." *Rec. pg. 388*. The petitioner was subsequently sentenced to 25 years imprisonment.

A Motion later filed by the petitioner in the trial court states, "On October 13, 2016, the movant entered into a plea agreement with the State, whereupon the State and Defense agreed to an imprisonment term of 25 years to the amended charge of "manslaughter"..." The Motion cites the transcript of the *Boykin* colloquy cited above.

The petitioner fails to explain how, in light of the number of times a 25-year sentence was discussed, he became confused when the trial court stated the minimum possible sentence before stating the maximum possible sentence. It should have been clear to the plaintiff that his sentence would be 25 years, and he indicated to the trial court that he was aware of the sentence to be imposed, had discussed the plea deal with his counsel, and was satisfied with his counsel's advice. The record also shows that the petitioner's trial counsel did not mislead him. Rather, his counsel specifically told him that the State would not offer anything less than 25 years.

The petitioner also asserts that his trial counsel was ineffective due to his failure to investigate prior to trial, and that the results of the investigation would have resulted in a plea of nolo contendere, which would have given the judge discretion regarding imposition of the mandatory sentence. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989).

The petitioner does not allege with specificity what an investigation by counsel would have revealed. Petitioner only vaguely refers to photographs, the credibility of witnesses, and

physical evidence. Any argument that these unspecified results of an investigation would have resulted in a different sentence for the petitioner is too speculative to succeed. As such, the petitioner's claims are without merit.

## Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of petitioner's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied and that this proceeding be dismissed with prejudice. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 19, 2022.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**